**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-50439
_____

TIMOTHY J. VOLK,

Plaintiff-Appellant,

versus

JOSE G. GONZALEZ, Etc; ET AL,

Defendants,

G. MEGLARENO, Officers under their
individual and official capacity;
DONALDA FISCHER,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Western District of Texas
_____

September 6, 2001

Before JOLLY, SMITH, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

This appeal arises out of a successful civil-rights suit brought by Plaintiff-Appellant Timothy J. Volk, a prison inmate, against the prison warden and eight correctional officers. Volk as the prevailing party now seeks our review of the amount of attorney's fees awarded to him by the district court. Finding no error, we affirm.

**I.**

**FACTS AND PROCEEDINGS**

The procedural history of this case is lengthy and complex. Volk, a Texas state prisoner, filed a 42 U.S.C. § 1983 civil-rights suit against the prison warden and eight correctional officers at his prison, alleging a violation of his right to be free from cruel and unusual punishment. Counsel was subsequently appointed for Volk, and all parties consented to proceed before a magistrate judge (hereafter the "district court"). Volk filed an amended complaint, adding two more defendants and a new allegation that he had been retaliated against for exercising his right to petition the court for redress of his grievances.

The case proceeded to trial, and the jury found that Defendant-Appellee Guy Meglareno had violated Volk's constitutional right to be free from cruel and unusual punishment and that Defendant-Appellee Donalda Fischer had violated Volk's constitutional right to petition the court for redress of his grievances. Although it also found that the constitutional violations had proximately caused Volk compensable injuries, the jury awarded Volk "zero" dollars as damages.

The district court entered a judgment notwithstanding the verdict, awarding Volk a total of two dollars in nominal damages against Meglareno and Fischer. The court also granted in part Volk's post-trial motions for declaratory and injunctive relief, ordering that (1) two prison disciplinary cases against Volk be

2

declared void and expunged from his record, (2) Volk's prior custodial status be restored, and (3) particular good-time credits that Volk had not received because of his reduction in custodial status be awarded.

Volk filed a Fed. R. Civ. P. 59(e) motion for a new trial or to alter or amend the judgment. He sought a new trial on (1) the liability of the defendants, other than Meglareno, whom he had charged with cruel and unusual punishment, and (2) his entitlement to compensatory damages. Alternatively, Volk asked the district court to alter the judgment by finding that all defendants charged with cruel and unusual punishment were liable and by awarding him compensatory damages of at least $1000 against all the defendants. The court denied Volk's Rule 59(e) motion.

Volk also filed a motion seeking attorney's fees, costs, and expenses. During the pendency of Volk's lawsuit, Congress had enacted the Prison Litigation Reform Act ("PLRA") which, inter alia, limits the amount of attorney's fees recoverable by successful prisoner civil-rights litigants. The relevant provisions of the PLRA state:

> In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that...the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and ...the amount of the fee is proportionately

3

related to the court ordered [sic] relief for the violation; or the fee was directly and reasonably incurred in enforcing the relief ordered for the violation. Whenever a monetary judgment is awarded in an action described [above], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. **If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant**.[1]

The district court determined that (1) an award of attorney's fees was appropriate; (2) the PLRA did not apply to the fee calculations; (3) the amount of fees and costs requested by Volk was reasonable; and (4) Volk should recover only one-half of the requested attorney's fees and legal assistant fees because the litigation was only partially successful. The court then awarded Volk $27,300.63 in attorney's fees and legal assistant fees, and $658.52 in court costs.

Meglareno and Fischer appealed, challenging the district court's judgment notwithstanding the verdict, award of declaratory and injunctive relief, and award of attorney's fees. Volk cross-appealed, contesting the denial of his Rule 59(e) motion and the amount of his attorney's fees award.

In an unpublished opinion[2] ("Volk I"), we affirmed the judgment in part, vacated it in part, and reversed and remanded the

---

[1] 42 U.S.C. § 1997e(d)(1)-(2) (emphasis added).

[2] Volk v. Gonzalez, No. 98-50199 (5th Cir. Jan. 4, 2000).

4

case for further proceedings. In so doing, we determined that the district court did not err in denying Meglareno and Fischer's requested instruction on qualified immunity or in denying Volk's motion for a new trial on the issue of damages.

We also rejected Meglareno and Fischer's insufficient-evidence argument and, finding that neither defendant had the power to effect the district court's directives, vacated its grant of injunctive and declaratory relief. We did so, however, with the express "understanding that the Texas Department of Criminal Justice —— Institutional Division will recognize the implications of this court's judgment for Volk's custodial status."

Finally, we concluded that the district court erred in not applying the PLRA, which was enacted during the course of Volk's lawsuit, to the portion of his attorney's fees incurred after the statute's effective date. Accordingly, we remanded the case "for the magistrate judge to determine the award of attorney's fees for the work done after the PLRA's effective date in light of restrictions contained in the PLRA." We stated that "the judgment is reversed and remanded in part for determination of the award of attorney's fees."

On remand from Volk I, the district court ordered Volk to file a supplemental brief or "advisory" regarding the proper calculation of attorney's fees in light of our remand order; and ordered Meglareno and Fischer to file a responsive advisory. The court explained that it would apply a PLRA provision that limited

5

attorney's fees to 150 percent of the <u>hourly</u> rate established for court-appointed counsel in criminal cases,[3] but noted that it did not intend to apply a PLRA provision requiring a prisoner who receives a money judgment to pay up to 25 percent of that judgment toward his attorney's fees. The district court's order did not mention the provision of the PLRA that limits the judgment debtor's liability for the successful prisoner's attorney's fees to 150 percent of the monetary judgment.

Noting that in <u>Volk I</u> we had not ruled on his appellate argument that the halving of his attorney's fees was an abuse of discretion, Volk's advisory to the district court asserted that on remand the court should not start from the position that the fees should be halved. In their response, Meglareno and Fischer argued that Volk was not entitled to any specified costs, any pre-PLRA attorney's fees, any post-PLRA attorney's fees exceeding 150 percent of the damages award, or any legal assistant fees.

The district court declined to reconsider the award of costs to Volk or the order reducing the legal fees by half. Rather, the court awarded Volk $3022.50 (one-half of his pre-PLRA attorney's fees), $1.50 (the district court's erroneous calculation of the defendants' liability for Volk's post-PLRA attorney's fees and legal assistant fees as limited by the PLRA provision restricting

---

[3]<u>See</u> 42 U.S.C. § 1997e(d)(3).

6

such liability to 150 percent of the damages award), and $725.25 in costs.

Volk timely filed a Fed. R. Civ. P. Rule 59(e) motion for a new trial or, in the alternative, to alter or amend the judgment. He asserted that on remand from Volk I the district court erred as a matter of law in applying the 150-percent fee cap and that, in any event, the cap would allow fees of $3.00, not $1.50. He also insisted that he was entitled to a supplemental award of $3,186.01 for the additional attorney's fees that he incurred in the subsequent litigation, which was made necessary by the acts of the judgment debtors, for recovery of his initial attorney's fees award from them, and that this supplemental fee award should not be subject to the 150-percent fee cap. In a supplemental Rule 59(e) motion, Volk contended for the first time that the PLRA's limitation of a defendant's responsibility for attorney's fees to 150 percent of damages awarded violates the equal-protection guarantee embedded in the Fifth Amendment.

The district court upheld the application of the 150-percent fee cap specified in 42 U.S.C. § 1997e(d)(2) and determined that the post-PLRA fee award in excess of $3.00 was unenforceable against Meglareno and Fischer. After "[a]ssuming that [Volk's] equal protection challenge is an argument which may be raised on a motion for a new trial," the court rejected that argument on the ground that Volk had failed to show that the 150-percent cap was not rationally related to the PLRA's goal of curtailing frivolous

7

lawsuits.[4]  The district court acknowledged that fees incurred in seeking attorney's fees (hereafter "fees-on-fees") appear to be recoverable under the PLRA, but observed that no court has held that the 150-percent fee cap is inapplicable to such fees.  The court granted Volk's motion in part, amending its prior attorney's fees order by awarding post-PLRA fees in the amount of $3.00.  This appeal followed.

## II.

## ANALYSIS

### A.  Standard of Review

Our scope of review after remand is limited.[5]  "On a second appeal following remand, the only issue for consideration is whether the court below reached its final decree in due pursuance of [this court's] previous opinion and mandate."[6]  The district court's discretion in awarding attorney's fees is broad, as "[a]ppellate courts have only a limited opportunity to appreciate

_____

[4]Volk initially appealed the district court's ruling on his constitutional challenge, but waived that argument just before this appeal was argued.  Thus the constitutionality of 42 U.S.C. § 1997e(d)(2) is no longer before us.

[5]Burroughs v. FFP Operating Partners, 70 F.3d 31, 33 (5th Cir. 1995).

[6]Id.

the complexity of trying any given case and the level of professional skill needed to prosecute it."[7]  Accordingly, we review the district court's award of attorney's fees only for an abuse of discretion.[8]  The factual findings supporting an award of attorney's fees are reviewed for clear error; the conclusions of law underlying the award are reviewed de novo.[9]

## B.  Pre-PLRA Attorney's Fees

Volk contends that the district court abused its discretion by halving his pre-PLRA attorney's fees to reflect his limited success.  To reiterate, in Volk I, we remanded this case to the district court with instructions to "determine the award of attorney's fees for work done after the PLRA's effective date in light of restrictions contained in the PLRA."  In reversing the entire award of attorney's fees, however, Volk I never mentioned the pre-PLRA fee award, which both parties had challenged on various grounds.

Not surprisingly, after Volk I's remand, the parties asked the district court to reconsider the original award of pre-PLRA attorney's fees.  The district court, however, after "undertak[ing]

---

[7]Hopwood v. Texas, 236 F.3d 256, 277 (5th Cir. 2000).

[8]Id.

[9]Riley v. City of Jackson, 99 F.3d 757, 759 (5th Cir. 1996).

a thorough review of all relevant pleadings filed both before and after the appeal," declined to "second-guess the trial court's original finding that fees should be awarded or that they should be reduced by half to reflect partial success."

In its original calculations, the district court had reduced the "lodestar" amount[10] by one-half because of Volk's less-than-complete success. Volk had sued eleven defendants for $130,000 in damages but recovered a mere two dollars from two of the defendants. Although civil-rights plaintiffs who obtain "excellent results" need not prevail on every claim to be entitled to full recovery of attorney's fees, "those achieving limited or partial success may recover only that which is reasonable in light of the relief obtained."[11] Furthermore, the Supreme Court has emphasized that the degree of success obtained is "the most critical factor in determining the reasonableness of a fee award," and that "[i]n some circumstances, even a plaintiff who formally 'prevails' . . .

---

[10]The "lodestar" amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The "lodestar" may then be adjusted according to the twelve factors set forth in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974) (listing, inter alia, the "amount involved and the results obtained").

[11]See Albright v. Good Shepherd Hosp., 901 F.2d 438, 440 (5th Cir. 1990). See also Montcalm Pub. Corp. v. Commonwealth of Virginia, 199 F.3d 168, 174 (4th Cir. 1999) (upholding award of 25 percent of requested attorney's fees in PLRA suit when the plaintiff prevailed on only one of four claims).

should receive no attorney's fees at all."[12]

In its original order, the district court had stated,

> In the instant case, the plaintiff sought much more than monetary damages....During the trial, it was apparent that plaintiff's goal was not only to recover monetary damages, but he also wanted to have his good-time earning status restored to enhance the possibility that he might be paroled. He appeared to place a far greater value on his liberty, i.e., being released from prison, than he did on his request for monetary relief. Ultimately, plaintiff prevailed on his claim for declaratory relief and had his good time earning status and good-time credit restored. The Court views plaintiff's success as more than trivial.

As the district court observed on remand, however, "it is clear that the award of injunctive and declaratory relief formed an important part of the trial court's decision to award any fees." Given that all injunctive and declaratory relief originally awarded to Volk was vacated, his case is distinguishable from those he cites for the proposition that when plaintiffs achieve the "ultimate goal" of their litigation, "nominal relief does not necessarily a nominal victory make."[13] True enough, "in many instances, a nominal recovery may very well not derogate from the

---

[12]See Farrar v. Hobby, 506 U.S. 103, 144-45 (1992).

[13]See Farrar, 506 U.S. at 121 (O'Connor, J., concurring). See also Riley v. City of Jackson, Miss., 99 F.3d 757, 760 (5th Cir. 1996) (holding that the district court abused its discretion by awarding 3 percent of requested attorney's fees after plaintiffs recovered only nominal damages but succeeded in enjoining city from enforcing unconstitutional media policies and guidelines with respect to abortion clinic protests).

11

importance of the victory."[14]  That is especially so when private civil-rights litigation serves the public purpose of vindicating important rights on a large scale, even though large sums of money may not be at stake.[15]  This is not such a case, however, and the district court did not abuse its discretion in awarding Volk one-half of his pre-PLRA attorney's fees to reflect his limited success.

## C.  Application of the PLRA's Fee Cap to Legal Assistant Fees

Volk also objects to the district court's application of the PLRA's cap on attorney's fees to limit his recovery of legal assistant fees.  The Supreme Court has made clear that legal assistant fees come under the rubric of "reasonable attorney's fee[s]" compensable under § 1988.[16]  Section 1997e(d), however, begins with the proposition that in any action brought by a prisoner, fees authorized by § 1988 "shall not be awarded, except to the extent that...the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights[.]"[17]

---

[14]See id.  See also Hopwood, 236 F.3d at 279 (noting that plaintiffs had achieved "'the principal goal of their lawsuit' by striking down racial preferences in higher education admissions in Texas," but upholding district court's 15-percent fee reduction for lack of success because plaintiffs "did not receive any specific injunctive or monetary relief for their own asserted injuries, and they did not gain admission to the Law School").

[15]See Farrar, 506 U.S. at 121.

[16]See Missouri v. Jenkins, 491 U.S. 274, 285 (1989).

[17]42 U.S.C. § 1997e(d)(1) (emphasis added).

12

Accordingly, as long as legal assistant fees satisfy § 1997e(d)'s requirement of being "directly and reasonably incurred in proving an actual violation of the plaintiff's rights," such fees are a compensable element of attorney's fees under the PLRA and therefore are subject to its strictures. In short, we conclude that Volk's position that the fee cap does not apply to legal assistant fees is without merit.

## D. Application of the PLRA's Fee Cap to Fees-on-Fees

Finally, Volk challenges the district court's application of § 1997e(d)(2)'s fee cap to limit his award of attorney's fees incurred in recovering attorney's fees. As an initial matter, we note that it is well settled that fees-on-fees are recoverable under § 1988.[18] But whether § 1997e(d)(2)'s fee cap applies to such fees is <u>res nova</u> in this circuit and, to our knowledge, in every other circuit. We have not yet addressed the predicate question whether fees-on-fees are even recoverable under § 1997e(d), but the Third Circuit has answered that question in the affirmative.[19] It held that an award of fees-on-fees is consistent with § 1997e(d)'s mandate that only attorney's fees that are "directly and reasonably

_____

[18]<u>See</u> <u>Cruz v. Hauck</u>, 762 F.2d 1230, 1233 (5th Cir. 1985). Section § 1988(b) provides: "[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]"

[19]<u>See</u> <u>Hernandez v. Kalinowski</u>, 146 F.3d 196, 199-201 (3d Cir. 1998).

13

incurred in proving an actual violation of the plaintiff's rights"
be awarded in prisoner civil-rights litigation.[20]  In reaching this
conclusion, the Third Circuit relied on the similarity between the
language in § 1988(b), which courts have construed to permit
recovery of fees-on-fees,[21] and the language in the PLRA, which
authorizes fees for proving an actual violation.[22]  The Third
Circuit concluded that

> [i]f Congress did not intend for attorneys to
> be fully compensated for their work on civil
> rights claims for prisoners, Congress needed
> to explicitly express an intent to change the
> established construction to authorize the
> diminishment of actual fees by not
> compensating attorneys for time...spent
> proving the right to attorney's fees.[23]

We acknowledge that the language of § 1997e(d) is not identical to
that of § 1988(b), yet we are comfortable with the Third Circuit's
conclusion that there is no material difference between the
language of these two provisions.  Accordingly, we join that
circuit in holding that fees-on-fees are "directly and reasonably
incurred in proving an actual violation of the plaintiff's rights"
and therefore recoverable under § 1997e(d).

Consequently, Volk's argument that fees-on-fees are

---

[20]Id. at 199.

[21]Section 1988(b) provides for fees "[i]n any action ... to
enforce a provision of section[ ] ... 1983[.]"  42 U.S.C. §
1988(b).

[22]See Hernandez, 146 F.3d at 200.

[23]See id.

14

recoverable under § 1997e(d) but not subject to § 1997e(d)(2)'s fee cap because they are not for "services rendered in reference to establishing liability or damages" is hopelessly contradictory. To reiterate, section 1997(d) expressly precludes the recovery of <u>any</u> and <u>all</u> attorney's fees otherwise authorized by § 1988 that are not "directly and reasonably incurred in proving an actual violation of the plaintiff's rights." If fees-on-fees are not thus incurred, they are not recoverable; if they are thus incurred, they are subject to the cap. We acknowledge that subjecting fees-on-fees to the restrictions enforced by § 1997e(d)(2) may well produce harsh results in some cases, but that is indisputably what the unambiguous language of the statute requires. Thus the district court did not err in construing § 1997(d)(2) to include Volk's award of fees-on-fees in the statute's limitation on the judgment debtors' responsibility for fees to 150 percent of the judgment.

## III.

## CONCLUSION

For the reasons explained above, the district court's award of attorney's fees is, in all respects,

AFFIRMED.

15