# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2011

No. 10-11103
c/w No. 11-10181
Summary Calendar

Lyle W. Cayce
Clerk

A. CORNELL BLANKS. also known as Andre Cornell Blanks,

Plaintiff - Appellant,

v.

VOUGHT AIRCRAFT INDUSTRIES INCORPORATED,

Defendant - Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-695

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A. Cornell Blanks, Plaintiff-Appellant, has appealed the district court's grant of summary judgment for his former employer Defendant-Appellee Vought Aircraft Industries, Inc. ("Vought").

Blanks worked for Lockheed Martin ("Lockheed"), an aircraft manufacturer, until he was laid off in 2005 or 2006. He moved away from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11103
c/w No. 11-10181

Dallas-Fort Worth area but returned in 2007 after learning that Lockheed intended to call back some laid-off employees. While he waited to hear from Lockheed, Vought, another aircraft manufacturer, hired Blanks for a similar full-time position. Blanks began work for Vought in January 2008. Less than half a year later, in June 2008, Lockheed offered Blanks a full-time job. Rather than decline Lockheed's offer or quit working for Vought, Blanks elected to balance both full-time positions, informing neither Lockheed nor Vought of his plan. Blanks immediately began to request substantial time off from Vought, alternately citing the Family Medical Leave Act ("FMLA") or requesting personal time. Over the next weeks, he missed several scheduled shifts. In late June he claimed an on-the-job injury with Vought and sought worker's compensation. Due to multiple inconsistencies in his worker's compensation claim, including that he did not work on the date he claimed he was injured, and also because he worked at Lockheed each day he failed to show up at Vought, Vought terminated Blanks. Vought noted Blanks's "deliberate falsification of information [he] provided on a worker's compensation claim."

Blanks soon sued Vought in the United States District Court for the Northern District of Texas, Dallas Division, primarily alleging that (1) his termination was motivated by unlawful race discrimination in violation of Title VII, 42 U.S.C. § 1981, and the Texas Labor Code; and that (2) he was physically injured at work by a defective hoist. His complaint also contained passing references to the FMLA, the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act of 1970 ("ERISA"), 42 U.S.C. §§ 1983 and 1985, his age, whistle-blowing, and a union contract, as well as violations of state and federal law not clearly related to his claimed injury. Blanks sought leave to file an out-of-time amended complaint, which was denied.

No. 10-11103
c/w No. 11-10181

Vought and Blanks moved for summary judgment. The district court adopted the magistrate's recommendation that it grant Vought's motion and deny Blanks's motion. The magistrate found that (1) Blanks failed to establish a prima facie case of race or age discrimination under Title VII based on e-mails that reflected only his employer's concern over Blanks's repeated absences for work and questions about his worker's compensation claim; (2) Blanks failed to establish that Vought's reason for his termination—worker's compensation fraud—was pretext for discrimination; (3) Blanks's worker's compensation claim barred his state law negligence claim; (4) Blanks did not work for Vought long enough to be eligible for FMLA leave; (5) Blanks failed to establish that he is a qualified individual with a disability, or that he suffered an adverse action because of his alleged disability, to support a claim under the ADA; (6) Blanks did not allege any facts to support his ERISA claim of unlawful discharge; (7) Blanks failed to show that he exhausted any union grievance regarding Vought's alleged refusal to provide medical leave or insurance or Vought's alleged discrimination in order to support a claim of breach of contract based on his collective bargaining agreement; and (8) Blanks failed to establish that Vought, a private employer, acted under color of state law to deprive him of any rights secured by the constitution or that deprived him of rights protected by 42 U.S.C. §§ 1983 or 1985.

After Blanks unsuccessfully moved the district court to reconsider its order, the district court entered judgment in Vought's favor and dismissed Blanks's claims. Blanks appealed, and Vought filed a motion for attorney's fees with the district court. Because Blanks's claims were "groundless, unreasonable, and frivolous," and brought in bad faith, the district court ordered Blanks to pay Vought $66,605. Blanks appealed the district court's order on attorney's fees, and this court consolidated his appeals.

No. 10-11103
c/w No. 11-10181

Blanks articulates his primary issue on appeal as being whether a district court may treat a pro se litigant like a second-class citizen. Blanks attacks the court's entry of summary judgment against him based on what he characterizes as Vought's discovery abuses and the district court's failure to delay ruling on Vought's motion pending correction of these abuses. He challenges *Iqbal/Twombly* and conflates the standards and burdens on a motion to dismiss with those on summary judgment, asserting that his bare pleadings entitle him to summary judgment. Finally, Blanks disputes the district court's grant of attorney's fees in light of the fact that Blanks was not represented by counsel.

Interpreting Blanks's "brief liberally to afford all reasonable inferences which can be drawn," *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010), we find that the district court's entry of summary judgment for Vought and dismissal of his claims was proper and also affirm the district court's award of attorney's fees. This record suggests no discovery abuses. Blanks has identified no legal error by the district court; nor has he identified any facts that would support a claim entitling him to the relief he seeks. Further, we cannot say that the district court abused its discretion by ordering Blanks to pay Vought's fees. *See Volk v. Gonzalez*, 262 F.3d 528, 534 (5th Cir. 2001).

Accordingly, we affirm the judgment of the district court and its award of attorney's fees for the reasons set forth in the magistrate judge's reports, as adopted by the district court.