10-4821-pr
Shepherd v. Goord

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

August Term, 2011

(Submitted: October 4, 2011    Decided: November 15, 2011)

Docket No. 10-4821-pr

EON SHEPHERD,

*Plaintiff-Appellant*,

—v.—

GLENN S. GOORD, Commissioner, BENNETTE, Superintendent, WENDERLICH, Captain, JOHN DOE, Deputy of Security, WEST, Deputy, GIRDICH, Superintendent, ERICSON, Sergeant, LESTER WRIGHT, MARIA VAN BUREN, Chief Medical Officer, N.A. SMITH, Administrator, N.P. PARMER, KIM PERRIA, Nurse, FAIRCHILD, Nurse, JANE DOE, Nurse, JOHN DOE, Sergeant, JOHN DOE, Nurse, DR. CANFIELD, J. COLVIN, Deputy of Security, J. KREMER, Sergeant, RILEY, Nurse, SULLIVAN, Nurse,

*Defendants*,

ALAN TWEDT, Corrections Officer, CHRISTOPHER POST, Sergeant,

*Defendants-Appellees*.[*]

Before:

MINER, SACK, and RAGGI, *Circuit Judges*.

---

[*] The Clerk of Court is directed to amend the caption as shown above.

On appeal from an amended judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*), plaintiff submits that the district court erred in concluding that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)(2), capped the maximum award of attorney's fees in this case at 150 percent of plaintiff's $1.00 monetary judgment.

AFFIRMED.

---

Harrison V. Williams, Jr., Green & Seifter, PLLC, Syracuse, New York, *for Plaintiff-Appellant.*

Denise A. Hartman and Kate H. Nepveu, Assistant Solicitors General, Of Counsel (Barbara D. Underwood, Solicitor General), *on behalf of* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York, *for Defendants-Appellees.*

---

REENA RAGGI, *Circuit Judge*:

New York State prisoner Eon Shepherd, who practices Rastafarianism, sued New York Department of Corrections officials Alan Twedt and Christopher Post, among others, under 42 U.S.C. § 1983, alleging inter alia that these two defendants infringed his rights under the Free Exercise Clause of the First Amendment by touching his dreadlocks without his consent. Following trial, a jury returned a verdict in favor of Shepherd but awarded him only $1.00 in actual damages.

Shepherd now appeals from that part of an amended judgment entered on October 26, 2010, in the United States District Court for the Northern District of New York (David N.

Hurd, *Judge*), awarding him $1.50 in attorney's fees and ordering defendants to pay $1.40 of the fee award.[1]  Shepherd contends that the district court erred in concluding that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(d)(2), capped the maximum possible fee award in this case at 150 percent of the $1.00 monetary judgment.  Reviewing that legal determination <u>de novo</u>, we reach the same conclusion as the district court: Section 1997e(d)(2) limits the possible award of attorney's fees in this case to 150 percent of the monetary judgment.  Accordingly, we affirm the amended judgment.

I.    **Background**

A.    The Dreadlocks Incident

In his original complaint, Shepherd charged numerous prison officials and employees with various violations of his constitutional rights.  The court or the jury resolved all but one of these claims in favor of defendants.  Accordingly, we here discuss only the claim on which Shepherd prevailed, as it provides the sole basis for the challenged attorney's fee award.

On July 4, 2001, Shepherd was incarcerated in New York State's Elmira Correctional Facility, a maximum security prison, where he was serving an aggregate life sentence for robbery in the first degree, robbery in the second degree, and criminal possession of stolen property.  <u>See</u> <u>People v. Shepherd</u>, 260 A.D.2d 649, 650, 687 N.Y.S.2d 269, 269 (2d Dep't

---

[1] The district court allocated 10 percent of Shepherd's $1.00 monetary judgment, or $0.10, to satisfy the $1.50 attorney's fee award pursuant to 42 U.S.C. § 1997e(d)(2), which states that "[w]henever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant."  Shepherd does not challenge the 10-percent allocation in his case and, therefore, we do not discuss it further on this appeal.

3

1999). That day, as Shepherd was leaving for evening recreation, defendants Twedt and Post searched Shepherd, including his hair, which was arranged in dreadlocks.[2] While one defendant held a metal detector over Shepherd's head, the other manually searched Shepherd's hair, despite Shepherd telling defendants that touching his dreadlocks without his permission violated his Rastafarian beliefs. See id.

B.      District Court Proceedings

In a pro se complaint filed June 8, 2004, Shepherd charged Twedt and Post with violating his First Amendment right to the free exercise of his religion when they touched his "sacred" dreadlocks and "slightly tore" them. Compl. at 7–8, Shepherd v. Goord, No. 9:04-CV-655 (DNH) (N.D.N.Y. June 8, 2004), ECF No. 1. In May 2010, Shepherd, represented by pro bono counsel, presented his case to a jury, which returned a verdict in his favor, awarding $1.00 in actual damages and no punitive damages.[3]

---

[2] Because the parties have not provided this court with a copy of the trial transcript, our summary of the facts derives from the report and recommendation of the magistrate judge with respect to Shepherd's motion for summary judgment, a document that necessarily views the evidence in the light most favorable to Shepherd. See Shepherd v. Goord, No. 9:04-CV-655 (DNH), 2008 WL 4283410, at *1-2 (N.D.N.Y. Sept. 16, 2008) (adopting and attaching magistrate judge's report).

[3] As defendants do not cross-appeal, we assume without deciding that their actions supported the jury's finding of a constitutional violation. We note, however, that the conduct Shepherd alleged is quite different from that challenged in Benjamin v. Coughlin, 905 F.2d 571, 576–77 (2d Cir. 1990) (concluding that prison directive requiring haircuts for all incoming prisoners, including Rastafarians, violated Free Exercise Clause where less restrictive alternatives were available).

4

Shepherd moved for attorney's fees in the amount of $99,485.25. See 42 U.S.C. § 1988(b). Construing 42 U.S.C. § 1997e(d)(2) to cap any fee award against defendants at 150 percent of the awarded damages, the district court concluded that Shepherd was entitled to only $1.50 in attorney's fees, against which it allocated 10 percent of the $1.00 damages award consistent with § 1997e(d)(2), see supra at **[3 n.1]**, for a final judgment of $1.00 in damages and $1.40 in attorney's fees.

This timely appeal followed.

## II.     **Discussion**

### A.      Standard of Review

We review a district court's award of attorney's fees for abuse of discretion, see McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010), which we will find only where the district court "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions," Lynch v. City of New York, 589 F.3d 94, 99 (2d Cir. 2009) (internal quotation marks omitted). Because the charged abuse on this appeal is an error of law, our standard of review is de novo. See, e.g., Garcia v. Yonkers Sch. Dist., 561 F.3d 97, 103 (2d Cir. 2009).

### B.      Section 1997e(d)(2)

Shepherd submits that the district court erred in construing 42 U.S.C. § 1997e(d)(2) to cap an attorney's fee award in favor of a prevailing prisoner-plaintiff and against a defendant at 150 percent of the monetary judgment. In construing this statute, we begin, as

5

we must, with the text, <u>see</u> <u>Global-Tech Appliances, Inc. v. SEB S.A.</u>, 131 S. Ct. 2060, 2065 (2011); <u>AMW Materials Testing, Inc. v. Town of Babylon</u>, 584 F.3d 436, 445 (2d Cir. 2009), which we consider in light of its statutory context, <u>see</u> <u>Bruesewitz v. Wyeth LLC</u>, 131 S. Ct. 1068, 1081 (2011); <u>United States v. Aguilar</u>, 585 F.3d 652, 656–57 (2d Cir. 2009).

The possibility for fee awards in § 1983 cases derives from 42 U.S.C. § 1988(b), which states that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  With the 1996 enactment of the PLRA, Congress imposed "substantial restrictions" on § 1988(b) attorney's fee awards to prevailing prisoner-plaintiffs.  <u>Blissett v. Casey</u>, 147 F.3d 218, 220 (2d Cir. 1998).  Those restrictions state as follows:

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that –

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)     (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. <u>If the award of attorney's fees is not greater than 150 percent of the judgment,</u>

6

the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under Section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d) (emphasis added).

In this appeal, Shepherd agrees that his fee application is limited by the relative reasonableness and proportionality restriction of § 1997e(d)(1). He does not dispute the specific hourly rate limit of § 1997e(d)(3), the application of which would necessarily reduce his initial $99,485.25 fee demand to $46,575. His single challenge is to the construction of the highlighted language in § 1997e(d)(2) to cap his fee award at 150 percent of his $1.00 monetary judgment.

As this court previously has observed, the highlighted language in § 1997e(d)(2) is not a model of clarity. See Blissett v. Casey, 147 F.3d at 220 (noting § 1997e(d)(2)'s "unclear language"). Nevertheless, this language is not so ambiguous as to require us to resort to canons of statutory construction or to legislative history to discern its meaning. See Bruesewitz v. Wyeth LLC, 131 S. Ct. at 1081; United States v. Gray, 642 F.3d 371, 377 (2d Cir. 2011). Indeed, for more than a decade, we have observed that § 1997e(d)(2) "effectively caps a defendant's liability for attorneys' fees in a prisoner's § 1983 action at 150% of a money judgment." Torres v. Walker, 356 F.3d 238, 242 (2d Cir. 2004); see Blissett v. Casey, 147 F.3d at 220 (stating that § 1997e(d)(2) "appears . . . to provide that [fee award] is not to be borne by the defendant to the extent it exceeds 150 percent of the judgment").

7

Shepherd submits that this precedent is not controlling because the "cap" recognized in these cases did not apply in the circumstances presented. See Torres v. Walker, 356 F.3d at 240 (holding that cap did not apply to money paid pursuant to so-ordered stipulation); Blissett v. Casey, 147 F.3d at 221 (holding that cap did not apply where representation was afforded before enactment of PLRA). Even if we were persuaded that any construction of § 1997e(d)(2) in these cases was dicta, that would not secure Shepherd relief on this appeal. We here conclude, consistent with these precedents, that § 1997e(d)(2) caps the amount of attorney's fees that a prevailing prisoner-plaintiff may recover from a defendant at 150 percent of the monetary judgment awarded, including when the judgment is only for $1.00.[4]

That conclusion is compelled by the statutory language. Where, as here, "a monetary judgment is awarded," § 1997e(d)(2) imposes two restrictions on the amount of fees that a prisoner-plaintiff may recover from a defendant. The first requires the district court to apply some part of the monetary judgment awarded to plaintiff, "not to exceed 25 percent," against any fee award. After this reduction, "the excess shall be paid by the defendant," but only "if the award is not greater than 150 percent of the [monetary] judgment." In sum, the plain language of § 1997e(d)(2) signals that no attorney's fee award greater than 150 percent of

---

[4] Because the only relief Shepherd obtained was a monetary judgment, we need not here consider the extent to which § 1997e(d)(2)'s 150-percent cap would apply had he also secured equitable relief. See Dannenberg v. Valadez, 338 F.3d 1070, 1075 (9th Cir. 2003) (holding that "fees incurred to obtain injunctive relief, whether or not monetary relief was also obtained . . . are not limited by" § 1997e(d)(2)'s 150-percent cap); see also Johnson v. Daley, 339 F.3d 582, 583 (7th Cir. 2003) (en banc) (implying same possible exception); Foulk v. Charrier, 262 F.3d 687, 703 n.17 (8th Cir. 2001); Walker v. Bain, 257 F.3d 660, 667 n.2 (6th Cir. 2001); Boivin v. Black, 225 F.3d 36, 41 n.4 (1st Cir. 2000).

the monetary judgment may be entered against a defendant. To be sure, Congress might have expressed itself more clearly, but we are nevertheless satisfied that this is the most natural reading of the statute. Cf. Dean v. United States, 129 S. Ct. 1849, 1854 (2009) (adopting "most natural reading" with respect to 18 U.S.C. § 924(c)(1)(A)); Chavis v. Chappius, 618 F.3d 162, 168 (2d Cir. 2010) (holding that "most natural reading" of PLRA's "three strikes" provision, 42 U.S.C. § 1915(g), is that sequential filing of action and prosecution of appeal count as two strikes).

Our decisions in Perez v. Westchester County Department of Corrections, 587 F.3d 143 (2d Cir. 2009), and Chatin v. Coombe, 186 F.3d 82 (2d Cir. 1999), cited by Shepherd, are not to the contrary. In those cases we applied only the hourly rate cap of § 1997e(d)(3) because the plaintiffs secured equitable rather than monetary judgments.[5] Reynolds v. Goord, 103 F. Supp. 2d 316 (S.D.N.Y. 2000), another non-monetary judgment case cited by Shepherd, is therefore similarly inapplicable. See id. at 345. Shepherd also relies on the unpublished decision in Young v. Healy, No. 92-CV-801 (NPM), 1999 WL 1281503 (N.D.N.Y. Dec. 16, 1997), which, without discussion, appears not to have applied § 1997e(d)(2)'s 150-percent cap in the case of a $50 monetary judgment. See id. at *2. We here conclude that such an omission cannot be reconciled with the text of § 1997e(d)(2).

---

[5] The one plaintiff in Perez who secured monetary relief did so pursuant to a so-ordered stipulation, see Perez v. Westchester Cnty. Dep't of Corr., 587 F.3d at 147 n.4, 148, a circumstance that we have recognized to fall outside the "monetary judgment" specification of § 1997e(d)(2), see Torres v. Walker, 356 F.3d at 240. In Chatin, equitable reversal of a disciplinary decision, including the imposition of a $5.00 fine, did not equate to a monetary judgment. See Chatin v. Coombe, 186 F.3d at 85–86.

9

Indeed, all of our sister circuits to have construed § 1997e(d)(2) similarly have concluded that it imposes a fee cap equal to 150 percent of a monetary judgment awarded to a prisoner-plaintiff. See Boivin v. Black, 225 F.3d 36, 40 (1st Cir. 2000) (construing § 1997e(d)(2) to "impose[] a ceiling on the defendants' liability for attorneys' fees equal to 150% of the amount of [monetary] judgment"); Parker v. Conway, 581 F.3d 198, 201 (3d Cir. 2009) (construing § 1997e(d)(2) to "limit[] a prevailing prisoner-plaintiff's attorney's fee award to 150 percent of the [monetary] judgment"); Volk v. Gonzalez, 262 F.3d 528, 536 (5th Cir. 2001) (holding that fees-on-fees were subject to § 1997e(d)(2)'s "limitation on the judgment debtors' responsibility for fees to 150 percent of the judgment"); Walker v. Bain, 257 F.3d 660, 667 (6th Cir. 2001) ("We believe that § 1997e(d)(2) must be read to limit defendants' liability for attorney fees to 150 percent of the money judgment."); Johnson v. Daley, 339 F.3d 582, 583 (7th Cir. 2003) (en banc) (rejecting equal protection challenge to § 1997e(d) limitations on fee awards to prisoner-plaintiffs, including provision that "fees attributable to [monetary] relief cannot exceed 150% of the damages"); Keup v. Hopkins, 596 F.3d 899, 905 (8th Cir. 2010) (stating that circuit had "repeatedly construed" § 1997e(d)(2) "to cap awards of attorney fees in prisoner rights cases to 150% of the monetary damages awarded"); Dannenberg v. Valadez, 338 F.3d 1070, 1074–75 (9th Cir. 2003) (construing § 1997e(d)(2) to impose 150-percent fee cap, but only with respect to fees incurred solely to obtain monetary damages); Robbins v. Chronister, 435 F.3d 1238, 1241–44 (10th Cir. 2006) (en banc) (rejecting argument that "absurdity doctrine" precluded construing § 1997e(d)(2) according to its plain meaning, which "limit[s] recovery of attorney

10

fees from the defendant to 150% of the damage award").[6]

Nor have any of our sister circuits recognized an exception to the 150-percent fee cap in cases awarding plaintiffs monetary judgments of only $1.00, whether denominated as actual or nominal damages. See Boivin v. Black, 225 F.3d at 40 [1st Cir.]; Pearson v. Welborn, 471 F.3d 732, 742 (7th Cir. 2006); Keup v. Hopkins, 596 F.3d at 905 [8th Cir.]; Robbins v. Chronister, 435 F.3d at 1244 [10th Cir.]; see also Volk v. Gonzalez, 262 F.3d at 536 [5th Cir.] (applying cap to $2 monetary judgment). To be sure, capping attorney's fees for a $1.00 monetary award at $1.50 is the practical equivalent of no fee award at all. But that is not a sufficient reason to deny the statutory language its plain meaning, which permits no exception for minimal or nominal monetary judgments.[7]

In reaching this conclusion, we are mindful that fee awards under § 1988(b) represent a statutory departure from the general American Rule that a losing party in litigation is not required to reimburse a prevailing party for his attorney's fees. See Robbins v. Chronister, 435 F.3d at 1244. But just as Congress was free to depart from the American Rule to create

---

[6] The District of Columbia and Eleventh Circuits appear not to have issued any decisions construing the § 1997e(d)(2) language at issue here, while the Fourth Circuit made only passing mention of the matter in an opinion concluding that the hourly rate limitations of § 1997e(d)(3) applied to work performed before enactment of the PLRA. See Alexander S. v. Boyd, 113 F.3d 1373, 1386 n.9 (4th Cir. 1997) (observing that § 1997e(d)(2), "which is inapplicable to this case," limits "fees available when a monetary judgment is awarded").

[7] To carve out Shepherd's proposed exception to the statutory cap for nominal or minimal monetary awards would offend not only the statutory text but also common sense insofar as it would allow a prisoner such as Shepherd, found by the jury to have sustained only $1.00 in damages, to recover $46,575 in attorney's fees, while a prisoner who sustained $10,000 in damages could be awarded only $15,000 in fees.

11

an incentive to pursue civil rights claims, it was also free to limit the incentive for prisoners pursuing dubious or low-value claims. See id. (discussing possible rationale for decision); Boivin v. Black, 225 F.3d at 41 ("Congress could well have reasoned that applying the fee cap to nominal damage awards would encourage both prisoners and members of the bar to weigh the likely value of claims before proceeding to court, thus reducing the overall number of prisoner suits and easing the perceived burden of prisoner litigation on the justice system."). Whatever arguments can be mounted for or against the policy choice reflected in § 1997e(d), particularly as applied to pro bono counsel, the proper forum for that debate is Congress, not the courts. See Robbins v. Chronister, 435 F.3d at 1244 (acknowledging courts' inclination to reward pro bono counsel for their service but concluding that such inclination must yield to "duty to respect an Act of Congress"). Shepherd does not contend that Congress's choice in enacting § 1997e(d) implicates constitutional concerns, an argument that has been uniformly rejected by the circuits in which such issues have been raised. See Boivin v. Black, 225 F.3d at 46 [1st Cir.]; Parker v. Conway, 581 F.3d at 203 [3d Cir.]; Walker v. Bain, 257 F.3d at 669 [6th Cir.]; Johnson v. Daley, 339 F.3d at 583 [7th Cir.]; Foulk v. Charrier, 262 F.3d at 704 [8th Cir.]; Madrid v. Gomez, 190 F.3d 990, 995–96 (9th Cir. 1999); Robbins v. Chronister, 435 F.3d at 1244 [10th Cir.]; see also Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 796–97 (11th Cir. 2003) (rejecting general constitutional challenge to PLRA provisions).

In a final effort to avoid the application of the 150-percent fee cap to his case, Shepherd argues that § 1997e(d)(2) is inapplicable because the jury's award of $1.00 was the

functional equivalent of a non-monetary declaratory judgment. We are not persuaded. Shepherd did not seek a declaratory judgment in this action nor did he obtain one, functional or otherwise. Moreover, as the Supreme Court has explained, a declaratory judgment constitutes relief for which § 1988(b) attorney's fees may be awarded "if, and only if, it affects the behavior of the defendant toward the plaintiff." Rhodes v. Stewart, 488 U.S. 1, 4 (1988). That is not this case. As the district court found, when Shepherd was awarded the $1.00 judgment, he had already been transferred from the Elmira Correctional Facility. "In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006).

In urging otherwise, Shepherd submits that future transfers may occur and that his judgment likely had an effect throughout the New York prison system. Such speculation warrants no departure from the principle enunciated in Salahuddin. See id. In sum, even if the district court had entered a declaratory judgment in Shepherd's favor, that judgment would do nothing more than reiterate the jury's factual finding that two particular New York Department of Corrections officials, at an institution where plaintiff is no longer housed, had once conducted a search in a manner that interfered with Shepherd's Free Exercise Clause rights. Such a declaration would not have constituted "other relief" distinct from monetary damages so as to warrant any additional award under § 1988(b), separate from that attributable to the monetary judgment alone. See Pearson v. Welborn, 471 F.3d at 743.

13

Accordingly, we conclude that the district court correctly determined that § 1997e(d)(2) applied in this case to cap an award of attorney's fees under § 1988(b) to 150 percent of the $1.00 in monetary damages voted by the jury.

## III. **Conclusion**

To summarize, we conclude as follows:

(1) Because the only relief prisoner Shepherd secured on his Free Exercise Clause claim against the defendant prison officials was a monetary judgment, his request for attorney's fees pursuant to 42 U.S.C. § 1988(b) was limited by the PLRA, specifically § 1997e(d)(2), which plainly caps the attorney's fees that must be paid by a losing defendant at 150 percent of the monetary damages.

(2) Shepherd having been awarded a monetary judgment of $1.00, the district court correctly construed § 1997e(d)(2) to cap the fees that could be awarded against defendants at $1.50, against which it had to apply some amount not to exceed 25 percent—in this case, 10 percent, or $0.10—of the monetary judgment, for a total fee award of $1.40.

Accordingly, the judgment of $1.00 in damages and $1.40 in attorney's fees is AFFIRMED.