13-3166-cv
*Wright v. N.Y. State Dep't of Corr. and Cmty. Supervision*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fourteen.

PRESENT:

> RALPH K. WINTER,
> JOHN M. WALKER,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

--------------------------------------------------

NATHANIEL WRIGHT,

> *Plaintiff-Appellant,*

> v.

No. 13-3166-cv

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY ANNUCCI, Acting Commissioner of Department of Corrections and Community Supervision, CHARLES KELLY, JR., Superintendent, Marcy Correctional Facility,

> *Defendants-Appellees.*

--------------------------------------------------

**FOR PLAINTIFF-APPELLANT:**    SAMUEL C. YOUNG (Joshua T. Cotter, *on the brief*), Legal Services of Central New York, Inc., Syracuse, NY.

1

**FOR DEFENDANTS-APPELLEES:**  KATE H. NEPVEU, Assistant Solicitor General of Counsel, *for* Barbara D. Underwood, Solicitor General of New York, Albany, NY.

Appeal from a July 23, 2013 decision of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-appellant Nathaniel Wright ("Wright"), a prisoner suffering from cerebral palsy and scoliosis, appeals a decision of the District Court denying his motion for a preliminary injunction to compel the immediate return of his custom-fit, motorized wheelchair. On May 5, 2012, Wright commenced a suit against defendants asserting violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act") stemming from the prohibition on his use of the motorized wheelchair while incarcerated at the Marcy Correctional Facility ("Marcy"), a state prison run by the New York State Department of Corrections and Community Supervision ("DOCCS"). On July 1, 2013, Wright moved for a preliminary injunction seeking the restoration of the motorized wheelchair pending a determination of his suit on the merits. After the District Court denied his motion, and while his appeal of the denial was pending, he was moved from Marcy to another DOCCS facility, where he is presently incarcerated. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review the denial of a preliminary injunction for abuse of discretion." *Monserrate v. N.Y. State Senate*, 599 F.3d 148, 154 (2d Cir. 2010). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.*

"Generally, a party seeking a preliminary injunction must establish (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (internal quotation marks omitted). "To establish irreparable harm, the movant must demonstrate an injury that is neither remote nor

speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation marks omitted).

"However, we have required the movant to meet a higher standard where: (i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995). The latter is sometimes referred to as the "ultimate relief" exception. The heightened standard requires a "clear" or "substantial" showing, which "alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success." *Id.* at 34.

Finally, we note that "[i]n this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011). Here, in addition to naming the Superintendent of Marcy—where Wright had been incarcerated when he filed the motion for injunction—Wright has also named DOCCS and its Acting Commissioner as defendants, and thus the action is not mooted; however, we will consider only the facts in the record that apply to all DOCCS facilities.

On appeal, Wright argues that the District Court erred by incorrectly applying a heightened standard. The District Court applied the heightened standard on two bases: first, the "ultimate relief" exception, and second, because it found that the requested injunction was "mandatory." In addition, Wright argues that the District Court incorrectly concluded that he: (1) was not likely to succeed on the merits; and (2) had not shown a likelihood of irreparable injury.

We conclude, based on an examination of the record, that the District Court did not abuse its discretion in denying Wright's preliminary injunction. However, we note that in denying the preliminary injunction, we intimate no view on the merits of Wright's related ADA and Rehabilitation Act action seeking a permanent injunction. In evaluating that claim, we encourage the District Court to consider whether DOCCS is an outlier among state prison systems in denying prisoners the use of motorized wheelchairs, and whether its justifications for doing so have merit.

### CONCLUSION

We have considered all of Wright's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3