24-2582-pr
*Webb v. Trombley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-five.

PRESENT:
> **BARRINGTON D. PARKER,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges.**

_____

**Michael Webb,**

> *Plaintiff-Appellant,*

> v.                                                                    **No. 24-2582-pr**

**Edmund Trombley, Corrections Officer,**
**Great Meadow Correctional Facility, Eric**

---

* This case was originally assigned to a three-judge panel, but one member of the panel was unable to participate in consideration of the matter. The remaining members of the panel, who are in agreement, have decided this case pursuant to Second Circuit Internal Operating Procedure E(b).

**Rich, Corrections Officer, Great Meadow Correctional Facility, Donald Bovair, Sergeant, Great Meadow Correctional Facility, John Doe #1, Corrections Officer, Great Meadow Correctional Facility,**

*Defendants-Appellees,*

**Christopher Miller, Superintendent, Great Meadow Correctional Facility, Nesmith, P.A., Great Meadow Correctional Facility, Corrections Officer D. McClenning, FKA John Doe #2,**

*Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**

MEGAN E. KNEPKA (Elliot A. Hallak, Brian D. Ginsberg, Lisa A. LeCours & David J. Panzarella, *on the brief*), Harris Beach Murtha Cullina PLLC, Albany, NY.

**FOR DEFENDANTS-APPELLEES:**

OWEN DEMUTH, Assistant Solicitor General, *for* Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Letitia James, Attorney General, State of New York, Albany, NY.

2

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michael Webb appeals from an August 29, 2024 order of the United States District Court for the Northern District of New York (D'Agostino, *J.*) granting in part his motion for attorney's fees following a judgment entered in his favor against Defendants-Appellees Edmund Trombley and Donald Bovair. Webb challenges the district court's reduction of his recoverable attorney's fees under *Shepherd v. Goord*, 662 F.3d 603 (2d Cir. 2011), asking us to overrule that precedent. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the district court's attorney's fees award.

Webb, incarcerated and proceeding *pro se*, commenced this action in federal district court on May 23, 2018, asserting four causes of action pursuant to 42 U.S.C.

3

§ 1983 against Trombley, Bovair, and several other defendants. After Webb moved to proceed in forma pauperis, the district court *sua sponte* screened—and narrowed—his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b). After granting in part and denying in part Defendants' motion for summary judgment, the district court appointed *pro bono* trial counsel for Webb. Webb then moved for new counsel, after which the district court appointed attorneys Elliot A. Hallak, Brian D. Roy, and Corey J. Carmello. The case proceeded to a jury trial resulting in a verdict entitling Webb to $12,500 in compensatory damages from Trombley, $2,500 in compensatory damages from Bovair, and no other damages. The district court entered a corresponding judgment. Webb then moved for attorney's fees pursuant to 42 U.S.C. § 1988, seeking an award of $206,977.50, and costs in the amount of $5,030.36. The district court granted the motion in part, awarding Webb only $22,500 in attorney's fees—an amount equal to 150% of the monetary judgment—applying a fee cap set by a statutory interpretation adopted

4

in *Shepherd*, 662 F.3d at 607.[1]   Webb appealed.[2]

The Prison Litigation Reform Act (PLRA) substantially modifies the procedures to be followed in civil suits brought by incarcerated plaintiffs like Webb.   *See* 42 U.S.C. § 1997e.   As relevant here, the PLRA prohibits an incarcerated plaintiff from recovering attorney's fees unless those fees were "directly and reasonably incurred in proving an actual violation of the plaintiff's rights," and "the amount of the fee is proportionately related to the court ordered relief for the violation[,] or . . . the fee was directly and reasonably incurred in enforcing the relief ordered."   *Id.* § 1997e(d)(1).   The PLRA further provides that "[w]henever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant," and that "if the award of attorney's fees is not greater than 150 percent of the judgment, the excess

---

[1] Defendants note that the district court's award of attorney's fees appears to conflict the Supreme Court's opinion in *Murphy v. Smith*, 583 U.S. 220 (2018), by not allocating 25% of Webb's recovery to satisfy the fee award, but they have not cross-appealed the award.   Defendants' Br. at 10 n.3.   We therefore decline to consider the issue further.   *See Boule v. Hutton*, 328 F.3d 84, 90 n.6 (2d Cir. 2003).

[2] An "order awarding attorney's fees is separately appealable as a final order."   *Blatt v. Dean Witter Reynolds InterCapital, Inc.*, 732 F.2d 304, 306 (2d Cir. 1984) (citing *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445 (1982)).

shall be paid by the defendant." *Id.* § 1997e(d)(2). Our court has held in *Shepherd*

that "§ 1997e(d)(2) caps the amount of attorney's fees that a prevailing prisoner-

plaintiff may recover from a defendant at 150 percent of the monetary judgment

awarded[.]" *Shepherd*, 662 F.3d at 607. Our panel is bound to follow *Shepherd*

until it is "overruled either by an en banc panel of our Court or by the Supreme

Court." *United States v. Peguero*, 34 F.4th 143, 158 (2d Cir. 2022) (quotation marks

omitted).[3]

Webb concedes both the applicability of *Shepherd* and its binding effect on

our panel, arguing instead that we should overrule that decision using the Court's

"mini en banc" procedure. Plaintiff's Br. at 2. Because this case is ill-suited for

overruling *Shepherd* using that procedure, we decline Webb's invitation.

*       *       *

---

[3] *Shepherd*'s interpretation of § 1997e(d)(2) is also consistent with the decisions of every other Court of Appeals to have reached the issue. *See Boivin v. Black*, 225 F.3d 36, 40 (1st Cir. 2000); *Parker v. Conway*, 581 F.3d 198, 201 (3d Cir. 2009); *Wilkins v. Gaddy*, 734 F.3d 344, 349 (4th Cir. 2013); *Volk v. Gonzalez*, 262 F.3d 528, 536 (5th Cir. 2001); *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001); *Pearson v. Welborn*, 471 F.3d 732, 742 (7th Cir. 2006); *Foulk v. Charrier*, 262 F.3d 687, 704 (8th Cir. 2001); *Dannenberg v. Valadez*, 338 F.3d 1070, 1074–75 (9th Cir. 2003); *Robbins v. Chronister*, 435 F.3d 1238, 1240 (10th Cir. 2006); *Thompson v. Smith*, 805 F. App'x 893, 908 (11th Cir. 2020), *overruled on other grounds*, *Hoever v. Marks*, 993 F.3d 1353, 1363–64 (11th Cir. 2021).

Accordingly, we **AFFIRM** the district court's order awarding reduced fees

to Webb.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court