REVISED MAY 27, 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2011

Lyle W. Cayce
Clerk

No. 09-31226

MCI COMMUNICATIONS SERVICES, INC.

Plaintiff-Appellant

v.

WAYNE HAGAN and JAMES JOUBERT

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARWOOD, ELROD, and SOUTHWICK, Circuit Judges.

GARWOOD, Circuit Judge:

This case arises from a January 20, 2006 incident in which an underground cable owned by plaintiff-appellant MCI was allegedly severed. MCI filed suit against defendants-appellees Wayne Hagan and James Joubert, alleging that Joubert was negligently excavating on a backhoe in violation of the Lousiana Damage Prevention Act (Louisiana Underground Utilities and Facilities Damage Prevention Law), LA. REV. STAT. ANN. §§ 40:1749.11 et seq., and that Hagan was vicariously liable because Joubert was acting as his agent at the time. The underground cable at issue was buried in part under land owned by Hagan. After a trial in the United States District

Court for the Eastern District of Louisiana, the jury found for Hagan and Joubert. The district court awarded attorneys' fees to Hagan and Joubert under section 1479.14(F) of the Louisiana Damage Prevention Act. MCI appeals on four separate grounds. First, MCI contends that the district court erred when it refused to give the jury MCI's proposed instruction on trespass. As discussed in part I hereof below, because the Louisiana Supreme Court has not previously determined what standard of intent is used for trespass to underground utility cables and this issue is determinative of whether MCI is entitled to a new trial on its trespass claim, we certify this jury instruction question to the Louisiana Supreme Court under Louisiana Supreme Court Rule XII.

On the other three issues on appeal, we ultimately determine that none of the three issues present any reversible error requiring a new trial on the merits, as discussed in parts IIA and B below. These issues are as follows. MCI argues that the district court erred when it excluded statements made by Hagan's attorney to an MCI employee under Federal Rule of Evidence 408, which excludes statements made as part of settlement negotiations. MCI also contends that the district court erred by refusing to certify MCI's witness Brian Tooley as an expert. Lastly, MCI argues that the district court erred when it held that the defendants were entitled to attorneys' fees and costs, but, as explained in part IIC below, we do not now reach this point, which in any event does not of itself justify a new trial on the merits.

FACTS AND PROCEEDINGS BELOW

On January 20, 2006, defendant Joubert allegedly severed MCI's underground fiber-optic cable while using a backhoe on defendant Hagan's property. MCI contended at trial that the backhoe was being used to install a concrete boat ramp. The defendants contended that in the week prior, the

2

two friends decided to go duck hunting on property owned by Hagan. When hunting together, the defendants typically launched an airboat from a boat ramp into a canal on the property. Defendant Joubert alleged that he went to Hagan's property on January 20, 2006, to see if Hagan had cleared driftwood from the canal, which needed to be done before they could launch the airboat. Joubert contended that he then drove Hagan's backhoe onto a concrete boat ramp to clear the driftwood before leaving the property. The defendants returned the next day to hunt and found MCI contractors on the property working on repairing the severed cable.

Hagan acquired the property in 2004 from Illinois Central Gulf Railroad (ICR). MCI alleges that in 1984, its predecessor entered into an agreement with ICR to install and operate a telecommunication system on ICR's property, and that the property in question was added to the agreement in 1985. MCI contends that in his purchase agreement with ICR, Hagan agreed not to interfere with any previously bargained for rights to continue operating all existing utilities. Hagan does not contend in this court that his interest in the land is not subject to this provision.

Verizon Business Global filed the lawsuit against Hagan and Joubert on January 18, 2007 on theories of trespass and negligence. The district court later allowed MCI Communications Services, Inc. to be substituted as plaintiff once that company was determined to be the owner of the cable. Jurisdiction herein is based entirely on diversity of citizenship. 28 U.S.C. § 1332. As evidence of negligence, MCI cited to the Louisiana Damage Prevention Act. Hagan asserted a counterclaim against MCI for trespass. The district court ruled that MCI failed to establish that it had a servitude over Hagan's property, but that MCI did have a right to keep its existing cable on Hagan's property due to the contents of the Act of Sale between

3

Hagan and ICR. The district court dismissed Hagan's counterclaim on these grounds. Hagan does not appeal from that ruling. The case was tried to a jury, which returned a verdict finding only that neither Joubert nor Hagan was negligent. No other findings were made, the remaining questions submitted all being contingent on a finding of negligence on the part of at least one of those two defendants. The court awarded attorneys' fees to the defendants under the provision in the Louisiana Damage Prevention Act that allows for fees if the "excavators" prevail in a suit to enforce the act. LA. REV. STAT. ANN. § 40:1479.14(F). MCI timely appealed.

DISCUSSION

I.

Certification to Louisiana Supreme Court

As stated below, this case involves an important and determinative question of Louisiana law as to which there is no controlling Louisiana Supreme Court precedent. Accordingly, we certify this unresolved question to the Supreme Court of Louisiana, pursuant to Louisiana Supreme Court Rule XII.

During the trial, MCI objected to the district court's refusal to submit to the jury plaintiff's proposed instruction regarding trespass to the cable. The district court judge responded that he felt "that it's a part of the negligence aspect of the case" and that because MCI did not have a servitude, he thought it was not "an appropriate charge." MCI's requested instruction on trespass reads in relevant part:

> "Trespass is an unlawful invasion of the property or possession of another person without consent. Damage to property is a trespass regardless of whether the Defendants intended the damage to the property or were negligent. A Defendant may be held liable for an inadvertent trespass resulting from an

4

intentional act. Therefore, the basic standard applicable to the Defendants is that they must refrain from taking intentional action that results in harm to the Plaintiff."

The trial evidence is sufficient to support a finding that the MCI cable was struck and damaged by the movement(s) of the backhoe intentionally made by Joubert as he operated it with Hagan's permission and on his behalf, although neither Joubert nor Hagan intended for the backhoe to strike the underground cable which neither saw nor knew the precise location of.

MCI contends that the district court erred when it refused to submit to the jury its said proposed instruction on trespass. Its view is that Louisiana law defines trespass as an unlawful physical invasion of property in the possession of another and the only intent required is the trespasser's intent to perform the act which constitutes the trespass. Because the district court ruled before trial that MCI did not have a servitude, we do not find that MCI is entitled to recover for a trespass to land. However, MCI may be entitled to have the jury instructed on the claim of trespass to chattels which is a claim for damage to personal property of the plaintiff, the personal property in this case being MCI's underground cable.

Neither party has moved this court to certify the question of the standard of intent for trespass to chattels. However, Louisiana Supreme Court Rule XII, section 2, provides that certification "may be invoked by . . . any circuit court of appeal of the United States upon its own motion." This court finds that Louisiana courts have not considered the intent standard applicable to claims of trespass to underground cables. Additionally, there is no clear consensus either within this circuit or across all jurisdictions as to whether strict liability in a trespass action is an appropriate standard for damage to underground utilities by excavators. Therefore, we find it

5

imprudent to ourselves determine whether MCI's proposed jury instruction was an accurate statement of Louisiana trespass law as it pertains to damage to underground utilities. It is clear and undisputed that this question is one governed by Louisiana substantive law.

Neither party has cited to any Louisiana court cases that deal specifically with the intent standard for trespass to chattels. MCI attempts to rely on Harrison v. Petroleum Surveys, 80 So.2d 153 (La. Ct. App. 1955), in which an unintentional trespass on land resulted in the death of the plaintiff's muskrats. That case is distinguishable, however, because the defendants trespassed on land owned by the plaintiffs and in so doing caused damage to personal property. Hagan and Joubert were certainly authorized to be on the land in question, given that Hagan owned it.

If MCI's requested jury instruction was a substantially correct statement of Louisiana law, then we hold that it was reversible error for the trial court not to have given that instruction, and MCI is accordingly entitled to a new trial on the theory of trespass. If the requested jury instruction is not a substantially correct statement of Louisiana law, then a new trial on the merits will not be required. Because the standard of intent for trespass to chattels under Louisiana law will determine whether the district court should have given MCI's proposed trespass instruction to the jury and because there are no clear controlling precedents in the decisions of the Louisiana Supreme Court, we hereby invoke the certification privilege granted by Louisiana Supreme Court Rule XII.

We accordingly hereby certify the following question to the Louisiana Supreme Court:

> Is the proposed jury instruction in this case, which states that "[a] Defendant may be held liable for an inadvertent trespass

6

resulting from an intentional act," a correct statement of Louisiana law when the trespass at issue is the severing of an underground cable located on property owned by one of the alleged trespassors, and the property is not subject to a servitude by the owners of the underground cable but only to the contractual right to keep it, as an existing cable, underneath the property?

If the Louisiana Supreme Court accepts this certificate, the answer provided will determine whether MCI is entitled to a new trial on its claim of trespass. This court disclaims any intent that the Louisiana Supreme Court limit its response to the precise form or scope of the legal question certified. We retain cognizance of this appeal while it is pending before the Louisiana Supreme Court and transfer the record and appellate briefs with our certification to the Supreme Court of Louisiana.

We now dispose of MCI's remaining appellate claims of error.

II.

A. Exclusion of Evidence under Federal Rule of Evidence 408

MCI contends that on the day after the cable was allegedly severed, MCI employee Robert Bergeron received a call from Andre Coudrain, an attorney who had at some point represented defendant Hagan. MCI contends that Coudrain told Bergeron that Hagan had been installing a boat ramp and asked what the damage to the cable would cost. MCI attempted to call Robert Bergeron to testify about this conversation at trial, but the district court ruled that the conversation was a settlement discussion and excluded it under Federal Rule of Evidence 408.

We review a district court's decision to admit or exclude evidence for abuse of discretion. United States v. Sosa, 513 F.3d 194, 199 (5th Cir. 2008). We have previously held that Rule 408 "protects only conduct or statements made in compromise negotiations regarding a claim that was disputed as to

7

validity or amount." Lyondell Chem. Co. v. Occidental Chem. Corp., 608 F.3d 284, 295 (5th Cir. 2010) (internal quotation marks and citations omitted). This rule "is designed to encourage settlements by fostering free and full discussion of the issues." Ramada Dev. Co. v. Rauch, 644 F.2d 1097, 1106 (5th Cir. 1981). "[T]he question under the rule is whether the statements or conduct were intended to be part of the negotiations toward compromise." Id. (internal quotation marks omitted). Litigation does not need to have commenced for Rule 408 to apply, but there must be "an actual dispute or a difference of opinion." Lyondell, 608 F.3d at 295, n. 38 (internal quotation marks omitted).

Defendant Hagan claims that after he arrived at the incident site on the day following Joubert's use of the backhoe, an employee of a contractor enlisted by MCI to conduct the repairs informed Hagan that the down time on the cable was costing $20,000 a minute. Hagan then called Coudrain, who then telephoned Bergeron and allegedly made the statement at issue.

We find that it was likely error for the district court to exclude Bergeron's testimony under Rule 408. At the point in time the call was placed, there was not yet an actual dispute or a difference of opinion about who caused the damage to MCI's cable and how much the damage was costing MCI. Coudrain may have intended the call to begin the process of settlement discussions, but because there was not yet an actual dispute his statement likely cannot qualify as a negotiation toward compromise.

Even so, this court "may not disturb the district court's exclusion of the evidence . . . if that ruling can be upheld on other grounds." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 423 (5th Cir. 2006) (internal quotation marks omitted). Coudrain's statement as introduced by Bergeron is an out of court statement offered for the truth of the matter. At the time he called

Bergeron, Coudrain was operating as Hagan's agent, so under Federal Rule of Evidence 801(d)(2)(D), the statement is not hearsay. However, there is no evidence that Coudrain was Joubert's agent and thus Bergeron's testimony would have been inadmissible against Joubert. Because the two defendants were tried together, we find that the district court did not abuse its discretion in excluding Bergeron's testimony. The testimony could have been excluded on other grounds given that it was inadmissible hearsay against Joubert, and thus we decline to remand for a new trial on this ground.

B. Refusal to Qualify Witness as Expert

MCI alleges on appeal that the district court erred when it refused to certify Brian Tooley as an expert. Tooley was offered as an expert on standards within the telecommunications industry. At trial, defendant Joubert's counsel objected to Tooley's testimony on the grounds that he had not been qualified as an expert. In response to Joubert's challenge, Tooley testified that the majority of his experience in the field of underground utilities was as an MCI employee. The district court ruled that Tooley was not an expert and could testify as to MCI's practice, but not as to the practices of the industry in general.

We review a district court's decision to admit or exclude expert evidence for abuse of discretion. Pipitone v. Biomatrix, Inc., 288 F.3d 239, 243 (5th Cir. 2002). MCI made no proffer of what evidence this expert would have testified to either at trial or in its brief on appeal. "On appeal, '[e]rror may not be predicated upon a ruling which . . . excludes evidence unless . . . the substance of the evidence was made known to the [trial] court by offer . . . .'" Petty v. Ideco, Div. of Dresser Indus., Inc., 761 F.2d 1146, 1151 (5th Cir. 1985) (quoting FED. R. EVID. 103(a)(2)). We find that MCI did not proffer the substance of Tooley's excluded testimony to either the district court or this

court and thus conclude that no reversible error is shown in this respect.

C. Attorneys' Fees

The district court awarded Hagan and Joubert their attorney's fees on the basis of La. Rev. Stat. Ann. § 40:1749.14(F), construing that statute as providing that "the prevailing party is entitled to attorney's fees" (and overruling MCI's objection that there was no finding by the jury or the court, and no evidence conclusively establishing, that either Hagan or Joubert was, or was not, an "excavator or demolisher" under that statute). The correctness of this ruling will become moot if the Louisiana Supreme Court answers the certified question in the affirmative, as a full new trial will then be required and the attorney's fees award will have to be set aside in any event, even if the district court correctly construed section 40:1749.14(F) in this respect. Consequently, we defer addressing the attorney's fees issue pending the Louisiana Supreme Court's decision whether to accept this certification, and if it does, its answer to the certified question.

## CONCLUSION

We hereby certify the above stated issue to the Supreme Court of Louisiana.