# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2012

No. 09-31226

Lyle W. Cayce
Clerk

MCI COMMUNICATIONS SERVICES, INC.

Plaintiff - Appellant

v.

WAYNE HAGAN; JAMES JOUBERT

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-415

Before ELROD and SOUTHWICK, Circuit Judges.[*]

PER CURIAM:[**]

We explained this case's factual background and the issues involved in a prior opinion. *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112 (5th Cir. 2011). In that opinion, we explained that "because the Louisiana Supreme Court ha[d] not previously determined what standard of intent is used for trespass to

---

[*] Judge Garwood was a member of the panel at the time of oral arguments. His death on July 14, 2011, causes us to decide this case by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underground utility cables and this issue is determinative of whether MCI is entitled to a new trial on its trespass claim," *id.* at 113-14,  we certified the following question to the Louisiana Supreme Court under Louisiana Supreme Court Rule XII:

> Is the proposed jury instruction in this case, which states that "[a] Defendant may be held liable for an inadvertent trespass resulting from an intentional act," a correct statement of Louisiana law when the trespass at issue is the severing of an underground cable located on property owned by one of the alleged trespassors, and the property is not subject to a servitude by the owners of the underground cable but only to the contractual right to keep it, as an existing cable, underneath the property?

 *Id.* at 116. The Louisiana Supreme Court answered that question in the negative.  *MCI Commc'ns Servs., Inc. v. Hagan*, 74 So. 3d 1148 (La. 2011). Accordingly, the district court did not err in refusing to give MCI's requested jury instruction.  Having disposed of all of the other claims of error in our prior opinion, we AFFIRM.