# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

Lyle W. Cayce
Clerk

No. 09-31226

MCI COMMUNICATIONS SERVICES, INC.

> Plaintiff - Appellant,

v.

WAYNE HAGAN; JAMES JOUBERT

> Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-415

Before ELROD and SOUTHWICK, Circuit Judges.[*]

## ON PETITION FOR REHEARING

PER CURIAM:[**]

The petition for rehearing is GRANTED. The prior opinion, *MCI Commc'ns Servs., Inc. v. Hagan*, No. 09-31226, slip op. (5th Cir. Mar. 27, 2012), is WITHDRAWN, and the following opinion is substituted.

---

[*] Judge Garwood was a member of the panel at the time of oral arguments. His death on July 14, 2011, causes us to decide this case by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We explained this case's factual background and the issues involved in a prior opinion. *MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112 (5th Cir. 2011) (*Hagan I*). In that opinion, we explained that "because the Louisiana Supreme Court ha[d] not previously determined what standard of intent is used for trespass to underground utility cables and this issue is determinative of whether MCI is entitled to a new trial on its trespass claim," *id.* at 113-14, we certified the following question to the Louisiana Supreme Court under Louisiana Supreme Court Rule XII:

> Is the proposed jury instruction in this case, which states that "[a] Defendant may be held liable for an inadvertent trespass resulting from an intentional act," a correct statement of Louisiana law when the trespass at issue is the severing of an underground cable located on property owned by one of the alleged trespassors, and the property is not subject to a servitude by the owners of the underground cable but only to the contractual right to keep it, as an existing cable, underneath the property?

*Id.* at 116. The Louisiana Supreme Court answered that question in the negative. *MCI Commc'ns Servs., Inc. v. Hagan*, 74 So. 3d 1148 (La. 2011) (*Hagan II*). Accordingly, the district court did not err in refusing to give MCI's requested jury instruction.

Because the Louisiana Supreme Court answered the certified question in the negative, we must address MCI's argument that the district court erred by awarding Hagan and Joubert attorney fees on the basis of La. Rev. Stat. § 40:1749.14(F). *Hagan I*, 641 F.3d at 118. We review a district court's decision to award attorney fees for an abuse of discretion. *Volk v. Gonzalez*, 262 F.3d 528, 534 (5th Cir. 2001). We review the district court's interpretation of the statute giving rise to a request for attorney fees *de novo*. *Id.*

Louisiana courts strictly construe attorney fee statutes "because the award of attorney fees is exceptional and penal in nature." *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 449 So.2d 1014, 1015-16 (La. 1984). Under the plain

language of the statute, attorney fees may only be awarded to prevailing defendant "excavator[s] or demolisher[s]":

> Should an owner or operator file suit against an excavator or demolisher for damages to underground facilities or utilities and the court finds in favor of the owner or operator, in addition to damages provided for by this Part, the owner or operator shall be entitled to recover reasonable attorney fees and costs. If the court finds in favor of the excavator or demolisher, the excavator or demolisher shall be entitled to recover reasonable attorney fees and costs.

§ 40:1749.14(F). Neither the district court nor the jury found that Hagan or Joubert was an "excavator or demolisher" under the statute. Indeed, throughout this litigation, Hagan and Joubert adamantly insisted that they were *not* excavators. We take them at their word.

Accordingly, we VACATE the attorney's fees awarded to Hagan and Joubert and AFFIRM the district court's decision to refuse MCI's jury instruction. AFFIRMED as MODIFIED.