# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2015

Lyle W. Cayce
Clerk

No. 13-50425

GREGORY MARTINO,

Plaintiff - Appellant

v.

KIEWIT NEW MEXICO CORPORATION; MARTIN GOMEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 3:11-CV-128

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:*

Gregory Martino appeals the judgment of the district court dismissing his claims with prejudice in favor of defendants Kiewit New Mexico Corporation ("Kiewit") and Martin Gomez. Martino challenges the adverse summary judgment on his negligence per se claim, the exclusion of evidence at the jury trial of the remaining allegations, and the district court's decision to overrule two of his objections regarding Kiewit's expert witness during trial. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50425

## I.    Background

This dispute arose out of a construction worksite accident in which Gomez, one of Kiewit's employees, ran over Martino with a "skid steer," a machine Gomez was using to excavate dirt.  The construction occurred pursuant to a contract involving the United States Army Corp of Engineers ("USACE"), which retained Kiewit to build a portion of the fence on the United States–Mexico border.  Separately, subcontractors—including Zia, Martino's employer—handled archaeological and environmental monitoring for USACE. On the date of the accident, Gomez ran over Martino's foot while he was walking along the top of a levee on which Gomez was excavating dirt.

Martino sued multiple parties, claiming negligence, negligence per se resulting from violation of Occupational Safety and Health Administration ("OSHA") regulations, gross negligence, and negligent hiring, training, and supervision of Gomez.  The district court struck from evidence a contract between Kiewit and USACE ("USACE Contract") because Martino failed to disclose the contract under Federal Rule of Civil Procedure 26(a)(1)(A).  The district court eventually dismissed all defendants except Kiewit and Gomez and granted Kiewit's motion for summary judgment, dismissing all but Martino's negligence claim.  The court concluded that Martino had provided insufficient evidence to support his negligent hiring, training, and supervision claims, and that Fifth Circuit precedent precluded a negligence per se cause of action based on OSHA violations.  The district court also denied Martino's application for more time to designate experts and furnish expert reports because Martino failed repeatedly to meet deadlines in the court's scheduling orders.

As trial approached, the district court excluded evidence in eight categories pursuant to Kiewit's motions in limine.  Among other evidence excluded was any reference to OSHA standards, any testimony regarding

No. 13-50425

Gomez's "citizenship, work visa or immigration status," and any evidence about post-accident training given to Gomez by the U.S. Department of Labor. During trial, the district court overruled Martino's objection that Kiewit's expert witness, Dr. Juan Manuel Herrera, had not been offered for a *Daubert*[1] voir dire, and that Dr. Herrera testified about traffic control plans. Martino timely appealed to this court.

## II.  Standards of Review

We review a trial court's evidentiary rulings and decisions to exclude evidence under Rule 37(c) for abuse of discretion. *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 277, 279–80 (5th Cir. 2009); *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004); *see generally* FED. R. CIV. P. 26, 37(c). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Burleson*, 393 F.3d at 583 (citation and internal quotation marks omitted). "We review a district court's ruling on a motion for summary judgment *de novo* and apply the same legal standards as the district court." *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 394 (5th Cir. 2014) (internal citation and quotation marks omitted).

## III.  Discussion

Martino claims that the district court erred by: (1) striking the USACE Contract for Martino's failure to disclose it under Rule 26; (2) denying Martino additional time to designate his experts; (3) holding Martino could not make a negligence per se claim based on OSHA on summary judgment; (4) granting Kiewit's motion in limine and excluding various pieces of evidence; (5) overruling Martino's objection that Dr. Herrera had not been offered for a *Daubert* voir dire; and (6) allowing Dr. Herrera to testify about his prior work

---

[1] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

No. 13-50425

with Kiewit on traffic control plans.  We examine each issue in turn.

*A.  Exclusion of the USACE Contract*

After an extension to accommodate Martino, the district court set October 1, 2012 as the discovery deadline.  On that date, Kiewit filed its motion for summary judgment.  Martino responded on October 30, 2012 and attached the USACE Contract.  On Kiewit's motion, the district court struck the USACE Contract as a Rule 37(c) sanction "because Plaintiff wholly failed to comply with the discovery timelines in this cause and never produced the contract previous to this point" as required by Rule 26.  *See* FED. R. CIV. P. 26(a)(1)(A)(ii).  Martino argues that the district court abused its discretion in striking the USACE Contract because neither Rule 26 nor the scheduling order required production of the contract.

Rule 26(a)(1)(A)(ii) mandates that a party initially disclose "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." *Id.*  Rule 37(c) states that upon failure to do so, a "party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).  In determining whether a district court abused its discretion in excluding evidence under Rule 37(c), we consider four factors: "(1) [Martino's] explanation for [his] failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [Kiewit] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d at 279–80.  Under this four-pronged test (the "*CQ* Test"), the district court did not abuse its discretion.

Martino's failure to disclose the USACE Contract under Rule 26 followed a sequence of discovery violations.  Martino attempts to justify his nondisclosure by claiming the USACE Contract was a public document,

4

equally available to both parties. However, even if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses. Considering the purpose of Rule 26(a)(1)(A) and its direct link to exclusionary sanctions in Rule 37(c), Martino lacks a substantial justification for failing to produce the documents and therefore lacks a compelling explanation under the first prong of the *CQ* Test. We also conclude that the district court correctly determined that none of the other prongs of the *CQ* Test resolve in Martino's favor. Applying that test, the district court did not abuse its discretion in excluding the USACE Contract pursuant to Rule 37(c). *See id.* at 279–80.

## B. Denial of Martino's Application to Enlarge Time to Designate Experts

Martino did not comply with multiple discovery deadlines during the pendency of this litigation. Martino failed to produce expert reports before depositions were scheduled to begin on October 1, 2012, despite the district court's September 25, 2012 order to do so. Kiewit then cancelled those depositions and filed a motion to strike Martino's experts. Martino's counsel responded with explanations for his delay, including the theft of financial records on which one of his experts wished to rely, an alleged agreement between Martino and Kiewit's counsels to extend discovery deadlines beyond those in the court's scheduling order, and Martino's counsel's personal difficulties. Martino requested an extension to designate his experts and file reports beyond the scheduling order's deadlines, but the district court excluded Martino's experts.

Rule 16 explains that the deadlines in a court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). A party must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins.,*

*Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (internal citation and quotation marks omitted).    Courts employ a four-prong analysis to determine whether a district court has abused its discretion in excluding expert testimony as part of the denial of a motion to amend the scheduling order: "(1) the explanation for the failure to [designate the experts and produce reports]; (2) the importance of the [testimony]; (3) potential prejudice in allowing the [testimony]; and (4) the availability of a continuance to cure such prejudice."    *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003) (internal citation and quotation marks omitted).    Reviewing these factors, we conclude that the district court did not err in its ruling on this point.

*C.  Summary Judgment on Negligence Per Se*

The district court dismissed Martino's negligence per se claim after concluding that OSHA standards do not provide Martino with a cause of action. In so ruling, the district court relied on Fifth Circuit holdings that "OSHA regulations protect only an employer's own employees."    *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706, 710–11 (5th Cir. Unit A Oct. 1981); *see also* 29 U.S.C. § 654(a)(1) ("Each employer . . . shall furnish *to each of his employees* employment and a place of employment which are free from recognized hazards that are likely to cause death or serious physical harm to his employees . . . ." (emphasis added)).    We have not endorsed a non-employee's use of OSHA regulations to sue a general contractor in negligence per se.    *See, e.g.*, *Melerine*, 659 F.2d at 710–11 (citing *Barrera v. E. I. Du Pont De Nemours & Co.*, 653 F.2d 915, 920 (5th Cir. Unit A Aug. 1981) ("OSHA does not create duties between employers and invitees, only between employers and their employees . . . .")); *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 581 (5th Cir. 1985) ("[W]e [have] held that OSHA regulations provide evidence of the standard of care exacted of employers, and thus may *only* be used to establish negligence *per se* when the plaintiff is an employee of the defendant." (emphasis added)

(citing *Melerine*, 659 F.2d at 710–12)).[2]  Martino does not and could not allege he was Kiewit's employee.  Thus, the district court correctly applied our precedent to preclude Martino's use of OSHA regulations to hold Kiewit liable in negligence per se.[3]

### D.  Grant of Kiewit's Motion in Limine

"The grant or denial of a motion in limine . . . will be reversed only for an abuse of discretion and a showing of prejudice."  *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).  We have already addressed the arguments regarding the OSHA standards and USACE Contract.[4]

Martino also challenges the district court's exclusion of evidence concerning Gomez's citizenship, work visa or immigration status, and post-

---

[2] Martino attempts to rely on *American Petroleum Institute v. OSHA*, 581 F.2d 493 (5th Cir. 1978) and *Dixon* to show OSHA imposes a duty on Kiewit to safeguard employees of independent contractors.  *Dixon* notes *Melerine*'s holding that OSHA "may only be used to establish negligence *per se* when the plaintiff is an employee of the defendant," and expressly declines to resolve whether OSHA regulations are admissible to benefit a non-employee. 754 F.2d at 581.  *American Petroleum* only imposed a limited duty on upstream employers to protect downstream employees from a concealed hazard by ensuring certain warning labels remain attached to products, relying on OSHA's express warning-label provisions.  581 F.2d at 509.  *American Petroleum* carefully limited the burden it imposed on employers to safeguard others' employees and is not analogous to this case.  581 F.2d at 510.

[3] Martino also argues that Kiewit agreed that OSHA would preempt state law in its contract with USACE.  We agree with the district court that this argument does not bear fruit for Martino.  Even if OSHA preempted Texas law, federal law does not extend OSHA's coverage to Martino in negligence per se, as explained herein.

[4] Martino also argues that the OSHA standards are relevant to his negligence claim even if they do not support a claim of negligence per se.  We may affirm a district court's exclusion of evidence on any ground supported by the record.  *See MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011).  Here, we affirm the district court's decision because references to OSHA standards would properly have been excluded under Federal Rule of Evidence 403.  Admitting OSHA standards or related USACE Contract provisions might have misled or confused the jury or created substantially more prejudice than was warranted by the standards' probative value, since the jury might have given undue weight to the standards.  *See* FED. R. EVID. 403; *Sprankle v. Bower Ammonia & Chem. Co.*, 824 F.2d 409, 416 & n.10, 417 (5th Cir. 1987) (affirming exclusion of OSHA regulations under Rule 403 to avoid prejudice and the possibility of misleading the jury); *see also Hagan*, 641 F.3d at 117.

accident training.  We perceive no error in these rulings.  This evidence bore no relevance after the district court dismissed Martino's claims of negligence per se and negligent training, hiring, and supervision on summary judgment, so it would not be an abuse of discretion to exclude the evidence under Rules 401 or 403.  *See* FED. R. EVID. 401, 403; *Hagan*, 641 F.3d at 117.  The district court likewise did not abuse its discretion in excluding evidence of post-accident training provided to Gomez by the U.S. Department of Labor.  Martino primarily argued before the district court that the evidence should be admitted to show negligence rather than for any of the purposes permitted by Rule 407.[5] *See* FED. R. EVID. 407.  Rule 407 clearly bars admission of subsequent remedial measures, like post-accident training, to prove negligence.  *Id.*

*E.  Overruling Martino's Daubert Objection to Dr. Herrera*

Generally, we review the admission of expert testimony for an abuse of discretion, giving the district court wide latitude.  *See Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194 (5th Cir. 2006).  At trial, after Kiewit's expert witness discussed his qualifications and methodology, Martino's counsel objected that Dr. Herrera had not "been offered for [Martino's counsel's] voir dire, what he's going to offer and whether or not he'll meet the *Daubert* test or any of the other tests as an expert."  After clarifying that Martino's counsel was attempting to make an objection, the district court overruled it.

Martino's counsel did not preserve a substantive objection to Dr. Herrera's testimony through this vague exchange, warranting only plain error review.  *See United States v. Bates*, No. 99-11382, 240 F.3d 1073, at *3 (5th Cir.

---

[5] Martino argued evidence related to the post-accident training showed Kiewit's control over the machinery.  On Martino's motion, the district court admitted a report that showed that control, redacting portions that proposed future safety improvements.

2000) (unpublished);[6] *see also United States v. Diaz*, 300 F.3d 66, 74 (1st Cir. 2002). Even under the abuse of discretion standard, however, Martino fails to show error.[7] *See Diaz*, 300 F.3d at 74. Dr. Herrera based his opinions on an inspection of the accident site, descriptions of where the machinery and involved parties were located on the day of the accident, pictures of the accident site, and photogrammetry.[8] Nothing in the record indicates that Dr. Herrera's facts and data, principles, and methods of application were unreliable, or that his credentials were lacking. Therefore, the record does not show an abuse of discretion in allowing him to testify as an expert. *Cf. Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

## F. Overruling Objection to Dr. Herrera's Testimony on Traffic Control

Finally, Martino objects that the district court allowed Dr. Herrera to testify about his prior work with Kiewit's counsel on highway accident reconstructions and traffic control plans, over Martino's relevance objection. The district court made clear that it allowed the testimony because, over Kiewit's objection, Martino's counsel opened the door to that line of

---

[6] Although *Bates* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[7] For the first time, Martino also asserts that he was prejudiced under Federal Rule of Civil Procedure 26(a)(2)(B) by Dr. Herrera's failure to disclose his compensation, past working relationship with Kiewit's counsel, and certain evidence Dr. Herrera relied upon to form his opinions. Martino never deposed Dr. Herrera and did not raise any of these objections before the district court. Assuming we should review these objections at all, review would be for plain error; we find none in the record, and certainly none that affects the fairness of Martino's trial. *See United States v. Clayton*, 172 F.3d 347, 351 (5th Cir. 1999). Martino cross-examined Dr. Herrera on many of these subjects during trial.

[8] Photogrammetry is "a process in which a formula is derived by measuring the change in the dimensions of objects in a photograph as they move away from the camera," then "testing th[at] formula against objects of known dimensions" to estimate the dimensions of certain images in the photograph. *United States v. Quinn*, 18 F.3d 1461, 1464 (9th Cir. 1994).

questioning.[9]  Whether reviewed for abuse of discretion or plain error,[10] the trial court's admission of this testimony does not affect Martino's substantial rights, nor was it clearly, obviously, or "manifestly erroneous."  *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (internal quotation marks omitted) (describing the deferential clear error standard applied to the admissibility of expert testimony); *see also United States v. Clayton*, 172 F.3d 347, 351 (5th Cir. 1999).

AFFIRMED.

---

[9] Martino elicited from Dr. Herrera that a party in charge of the construction site would likely determine the internal traffic control plan within the construction site, and that it would not surprise Dr. Herrera if Kiewit required such a plan.  In turn, Kiewit elicited that Dr. Herrera had previously worked with Kiewit's counsel on highway accident reconstruction, including documenting the locations of traffic control devices, that each traffic control plan was generally limited to the specific construction site at issue, and that the construction site in this case did not regularly have pedestrians.

[10] Martino did not argue before the district court as he does here that it should exclude this portion of Dr. Herrera's testimony based on a violation of Rule 26.  *See* FED. R. CIV. P. 26.

10