10-4446-cv (L); 11-2225-cv (L)
E.S. & M.S. ex rel. B.S. v. Katonah-Lewisboro School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand and twelve.

PRESENT:

> AMALYA L. KEARSE,
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges.*

_____

E.S. and M.S. on behalf of B.S.,

> *Plaintiffs-Appellants-Cross-Appellees*,

> -v.-

Katonah-Lewisboro School District,

> *Defendant-Appellee-Cross-Appellant*,

_____

No. 10-4446-cv(L)
No. 10-5007-cv (XAP)

-1-

E.S. and M.S. on behalf of B.S.,

    *Plaintiffs-Counter-Defendant-Appellee-Cross-Appellant*,

    -v.-                        No. 11-2225-cv (L)
                                        No. 11-2228-cv (XAP)

Katonah-Lewisboro School District,

    *Defendant-Counter-Claimant-Appellant-Cross-Appellee*,

_____

| | |
|---|---|
| For Plaintiffs: | PETER D. HOFFMAN (Giulia Frasca, *on brief*), Law Office of Peter D. Hoffman, P.C., Katonah, New York and STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New York. |
| For Defendants: | MARK C. RUSHFIELD, Shaw, Perelson & May Lambert, LLP, Poughkeepsie, New York. |

Appeal from judgments of the United States District Court for the Southern District of New York (Preska, *C.J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgments of the district court are **AFFIRMED**.

Plaintiffs-Appellants-Cross-Appellees E.S. and M.S. (on behalf of their child, B.S.) ("Plaintiffs") appeal from the portion of the judgment of the district court entered on October 4, 2010, granting summary judgment in favor of Defendant-Appellee-Cross-Appellant Katonah-Lewisboro School District ("KLSD") on the Plaintiffs' claim that KLSD denied B.S. a free appropriate public education ("FAPE")—required under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401 et seq. ("IDEA")—for the 2006-2007 school year. KLSD cross-appeals the portion of the same judgment that granted summary judgment in favor of the Plaintiffs on their claim that KLSD denied B.S. a FAPE for the 2007-2008 school year. Separately, KLSD appeals the April 20, 2011, judgment of the district court that awarded

attorneys' fees and costs to the Plaintiffs. Plaintiffs cross-appeal the district court's decision to reduce the hourly billing rates used in the district court's calculation of the award. We address both appeals and the parties' cross-appeals in this consolidated summary order. For the reasons that follow, we affirm the judgments of the district court. We assume the parties' familiarity with the underlying facts, the procedural history in this case, and the issues on appeal.

The IDEA requires states (and school districts) that receive federal funds to "develop plans to assure 'all children with disabilities the right to a [FAPE].'"[1] *Walczak v. Fl. Union Free Sch. Dist.*, 142 F.3d 119, 122 (2d Cir. 1998) (quoting 20 U.S.C. § 1412(1)). To meet this requirement, the school district must provide "special education and related services," 20 U.S.C. § 1401(9), that are "reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982). The lynchpin of the IDEA and the school district's obligation is the development of an Individualized Education Plan ("IEP") for the disabled child. *See Walczak*, 142 F.3d at 122. In New York, the annual IEP is developed through a Committee on Special Education ("CSE"), the members of which are appointed by school boards or trustees of school districts. *Id.* at 123. The "special education and related services must be provided in the least restrictive setting consistent with a child's needs." *Id.* at 122. The substantive requirements of the IDEA are met when the IEP "is likely to produce progress, not regression" and "affords the student . . . an opportunity greater than mere trivial advancement." *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 195 (2d Cir. 2005) (internal quotation marks omitted).

---

[1] The IDEA has both a procedural and a substantive component. *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 204-09 (1982). Plaintiffs' appeal focuses on the substantive component, *i.e.*, whether the school district provided B.S. with a FAPE reasonably calculated to provide educational benefit.

The administrative procedures by which parents (1) may challenge a school district's decisions with respect to an IEP and (2) may seek reimbursement for tuition expenditures incurred for their child are neither in dispute nor at issue in this case. *See generally* 20 U.S.C. § 1415; *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 111-13 (2d Cir. 2007).

In the district court and on appellate review of those administrative decisions, courts conduct an independent review of the record, basing an assessment on the "preponderance of the evidence developed at the administrative proceedings and any further evidence presented by the parties." *Walczak*, 142 F.3d at 122-23. "[T]his 'independent' review 'is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities they review.'" *Id.* at 129 (quoting *Rowley*, 458 U.S. at 205-06). "While federal courts do not simply rubber stamp administrative decisions, they are expected to give 'due weight' to these proceedings, mindful that the judiciary generally 'lack[s] the specialized knowledge and experience  necessary to resolve persistent and difficult questions of educational policy.'" *Id.* at 128 (alteration in *Walczak*) (quoting *Rowley*, 458 U.S. at 206, 208).

The principal dispute in the parties' first appeal is whether the child B.S. made progress during his time at KLSD and later at the Maplebrook School ("Maplebrook") after the parents exercised their prerogative to place B.S. in private school. Plaintiffs contend that B.S. never made progress while at KLSD, which justifies their unilateral decision to withdraw B.S. in 2006 and place him at Maplebrook. KLSD contends that B.S. was making progress prior to 2006 and that KLSD designed an IEP for the 2006-2007 school year that complied with the requirements under the IDEA. KLSD also argues, however, that once the Plaintiffs pulled B.S. from KLSD, he showed little or no progress at Maplebrook. KLSD contends that B.S.'s lack of progress at Maplebrook justified the IEP they designed for the 2007-2008 school year. Plaintiffs counter

that KLSD did not take into account any of the progress B.S. made while at Maplebrook when KLSD designed the 2007-2008 IEP, and therefore the IEP was inadequate.

To determine whether a child has made progress, we "examine the record for any 'objective evidence' indicating whether the child is likely to [have] ma[d]e progress or regress[ed]" during his time in the particular school. *Walzcak*, 142 F.3d at 130 (quoting *Mrs. B. v. Milford Bd. of Educ.,* 103 F.3d 1114, 1121 (2d Cir. 1997)). In this regard, we affirm the district court's well-reasoned, thorough decision for substantially the reasons stated therein. *E.S. ex rel. B.S. v. Katonah-Lewisboro Sch. Dist.*, 742 F. Supp. 2d 417 (S.D.N.Y. 2010). The district court marshaled the evidence and determined that the record showed B.S. was making progress (despite his low test scores) during the 2004-2006 school years while at KLSD. The progress reports, along with the testimony of B.S.'s special education teacher, establish by a preponderance of the evidence that B.S. was progressing at KLSD and was likely to continue doing so if he remained there. While KLSD may not have provided an 'optimal' education to B.S., the IDEA requires only a "basic floor of opportunity." *Rowley*, 458 U.S. at 200 (internal quotation marks omitted). We agree with the district court that the record demonstrates the school district's IEP met the substantive requirements of the IDEA for the 2006-2007 school year.

Turning to the district court's decision with respect to the 2007-2008 IEP, the record also included objective evidence that B.S. continued to progress while at Maplebrook during the 2006-2007 school year, a fact that KLSD did not take into account when designing the IEP. The district court noted the progress reports by his teachers from Maplebrook as well as standardized test scores and expert evaluations indicating that B.S. made progress in communication skills, social skills and almost every academic area. KLSD relies on the conclusory testimony of Dr.

-5-

McNulty for the proposition that B.S. made no meaningful progress while at Maplebrook.[2]  Dr. McNulty, however, like other KLSD officials, never observed, met with, or otherwise attempted to evaluate B.S. during the 2006-2007 school year.  In sum, we have little difficulty concluding that KLSD's position that B.S. did not progress while at Maplebrook is contrary to a preponderance of the evidence in the record.  Consequently, having been designed without regard for any of the progress B.S. did make at Maplebrook, the 2007-2008 IEP was likely to cause B.S. to regress or make only trivial advancement.  KLSD thus failed to provide an individualized FAPE as required by the IDEA for the 2007-2008 school year.

We also conclude that Maplebrook provided instruction "reasonably calculated to enable [B.S.] to receive educational benefits." *Gagliardo*, 489 F.3d at 112 (internal quotation marks omitted) (discussing that the same considerations govern both the standard for determining whether private placement is appropriate and the standard for determining whether the public placement was appropriate to begin with).  The record shows that Maplebrook developed an IEP for B.S. in which he achieved considerable success meeting his objectives. Thus, and because KLSD failed to take his progress at Maplebrook into account, B.S.'s parents were justified in keeping B.S. at Maplebrook.  The district court properly ordered that KLSD reimburse Plaintiffs for Maplebrook tuition for the 2007-2008 school year.

We now turn to KLSD's appeal and Plaintiffs' cross-appeal regarding the district court's award of $156,976.84 in attorneys' fees, paralegal fees, and expenses to the Plaintiffs.  "We

---

[2]The Dorta Report also relied upon by KLSD does discuss B.S.'s low test scores, but that is a distinct concept from whether a student has progressed from one year to the next.  *See M.S. ex rel. S.S. v. Bd. of Educ.*, 231 F.3d 96, 103 (2d Cir. 2000), *abrogated on other ground*, *Schaffer v. Weast*, 546 U.S. 49 (2005). We note that Dr. Dorta testified that B.S. made "significant progress at Maplebrook."

review a district court's award of attorney's fees for abuse of discretion . . . which we will find only where the district court (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions . . . ." *Sheperd v. Goord*, 662 F.3d 603, 605-06 (2d Cir. 2011) (internal citations and quotation marks omitted). KLSD appeals the decision of the district court not to reduce the Plaintiffs' award by some percentage based on Plaintiffs having attained only partial success when compared to the total relief sought. In essence, KLSD argues, Plaintiffs' award should be cut because the Plaintiffs sought reimbursement of two years' tuition and received only one year's worth.

While the "degree of the plaintiff's success in the litigation" is the most critical factor "affecting the size of the fee to be awarded," *Kassim v. City of Schenectady*, 415 F.3d 246, 253 (2d Cir. 2005), the Supreme Court has cautioned that "appellate courts must give substantial deference to" determinations of attorneys' fees "in light of 'the district court's superior understanding of the litigation,'" *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In cases involving a "common core of facts or . . . related legal theories" and what is not an "excellent result[]" for the plaintiff, an award without reduction for the partial success may be excessive—or it may not. *Hensley*, 461 U.S. at 435; *see Kassim*, 415 F.3d at 255-56 (discussing a district court's discretion in reducing attorneys' fees based on partial success). Here, the district court provided a "clear explanation of its reasons," *Hensley*, 461 U.S. at 437, *i.e.*, the overlap of the facts necessary to develop Plaintiffs' successful claim with the facts related to the claim the district court rejected. For both the 2006-2007 and 2007-2008 school years, Plaintiffs' counsel had to develop facts to show B.S.'s educational background and whether Maplebrook was an appropriate placement. The witnesses for KLSD

and the Plaintiffs were nearly the same for both years, and information related to the 2006-2007 IEP was important to determine the sufficiency of what KLSD recommended for the 2007-2008 year.  Both claims involved an inter-related, if not single, legal theory—over the course of the two school years, KLSD failed to provide BS with a FAPE as required by the IDEA.  We conclude, therefore, that the decision not to reduce the attorney fee award based on the Plaintiffs' partial success was within the range of permissible decisions for the district court to have made.

Moreover, contrary to the Plaintiffs' argument on cross-appeal, the district court's decision to reduce the hourly billing rates of Plaintiffs' counsel from the retainer rate or higher to one that was in line with rates used in similar IDEA cases was also not an abuse of discretion. Absent more compelling evidence of the reasonableness of the rates requested, the district court acted well within its discretion by looking to other IDEA cases in determining an appropriate rate for Mr. Hoffman and his associates.

We have considered the parties' remaining arguments and find them without merit.  For the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk